**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

JAMES DOWELL, JR.,          :
                            :
         Claimant,           :
                            :
v.                                :        CASE NO. 4:07-CV-42 (CDL)
                            :        Social Security Appeal
MICHAEL J. ASTRUE,          :
Commissioner of Social Security,     :
                            :
         Respondent.       :

## REPORT AND RECOMMENDATION

       The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.

## LEGAL STANDARDS

       The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.      **Whether the ALJ improperly discounted the opinion of her treating physician?**

II.     **Whether the ALJ failed to properly evaluate Claimant's subjective allegations of pain?**

III.    **Whether the ALJ failed to properly evaluate the side effects of Claimant's medications?**

IV.     **Whether the ALJ was required to obtain vocational expert testimony?**

## Administrative Proceedings

3

Claimant filed for disability benefits on January 25, 2001. (T-12). Claimant's applications were denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on June 28, 2006. (T-272-280). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated July 20, 2006. (T-12-19). Claimant then requested a review of the ALJ's findings by the Appeals Council wherein the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-4-6).

## Statement of Facts and Evidence

Claimant alleged in his disability application that he was disabled due to a ruptured disc and arthritis. (T-67). After examining the medical records, the ALJ determined that Claimant had degenerative disc disease, an impairment that was severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-15). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform light exertional work and would be able to return to his past relevant work. (T-18,19). As such, the ALJ found that Claimant was not disabled. (T-19).

## DISCUSSION

**I. Did the ALJ err in improperly discounting the opinion of one of Claimant's treating physicians?**

Claimant first argues that the ALJ improperly discounted the opinion of Dr. Chin-Yut, Claimant's treating physician. (R-9, p. 2). Specifically, Claimant contends that the ALJ

implied in his findings that because Dr. Chin-Yut, Claimant's family physician, was not an orthopedist, her medical opinion was entitled to no more than minimal weight. *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The ALJ must weigh conflicting medical evidence and decide which opinions are entitled to the greatest weight. Social Security regulations confirm that the ALJ has discretion to weigh conflicting medical opinions. *See* 20 C.F.R. §§ 404.1527, 416.927. The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly

articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

It is found that the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Chin-Yut and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including the treatment notes of Dr. Chin-Yut, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the symptoms and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found "not entirely credible." (T-18). Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Chin-Yut, and substantial evidence supports his decision. Dr. Chin-Yut's treatment notes do not reflect the severity she alleges in the questionnaire he completed on April 16, 2006 (T-191-255), and the other medical evidence of record does not support her findings. As such, no error is found in the ALJ's decision to discount the opinion of Dr. Chin-Yut.

**II.    Did the ALJ fail to properly evaluate Claimant's subjective allegations of pain?**

In his Brief, the Claimant next contends that the ALJ erred in failing to properly analyze his subjective allegations of pain where he mis-applied the pain standard . (R-9, p. 7). Social Security Regulation 96-7p states in relevant part, that:

In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11ᵗʰ Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11ᵗʰ Cir. 1983).

In his Findings, the ALJ discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of his pain. The ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, specifically referencing 20 C.F.R. §§ 404.1529, 416.929, 404.1527 and 416.927, and Social Security Rulings 96-7p, 96-2p and 96-6p. *Id.* The record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with his functional restrictions, to find that Claimant's allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. (T-17,18).

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

8

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that the claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record.

### III.    Did the ALJ fail to properly evaluate the side effects of Claimant's medications?

Next, the Claimant contends that the ALJ failed to comply with Social Security Ruling 96-7p in evaluating the side effects of his medications. (R-9, p.8). Specifically, the Claimant contends that the ALJ was required to make a finding as to the effects of Claimant's medication on his ability to work and that his failure to do so constitutes reversible error pursuant to the holding in *Cowart v. Schweiker*, 662 F.2d 731 (11th Cir. 1981). The record reveals that the Claimant references only one notation, made on the Physical Capacities Evaluation completed by Dr. Chin-Yut, which mentions that Claimant has effects from taking the medications hydrocodone and cyclobenzaprene. (T-193).

The Court finds that the evidence of record fails to show that the Claimant consistently complained of side effects from his medications. The Regulations state that the burden is on the claimant to prove the severity of his impairments. 20 C.F.R. §§

404.1512(a)(c); 416.912(a) and (c). It is up to the Claimant to ensure that the Commissioner gets enough information to make a qualified decision in his case. Therefore, the ALJ was under no obligation to include Claimant's alleged side effects in his determination of their possible effect on his residual functional capacity.

## IV.    Was the ALJ required to obtain vocational expert testimony?

Claimant's last enumeration of error deals with his claim that the ALJ erred in failing to obtain the testimony of a Vocational Expert (VE) to evaluate the effects of his non-exertional limitations and the side effects of his medications. Specifically, Claimant contends that because of the non-exertional limitations caused by his pain and the side effects of his medications, the ALJ should have consulted a VE to fully develop the record.

An ALJ has an obligation to develop a full and fair record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989); See *Welch v. Bowen*. 854 F.2d 436, 440 (11th Cir. 1988). "Ordinarily, when non-exertional limitations are alleged, vocational testimony is used." *Allen*, 880 F.2d at 1201-2; See *MacGregor v. Bowen*, 826 F.2d 1050, 1054 (11th Cir. 1986) ("When there have been non-exertional factors (such as depression and medication side effects) alleged, the preferred method of demonstrating that the claimant can perform specific work is through the testimony of a vocational expert."). (Additional citations omitted). "It is only when the claimant can clearly do *unlimited* types of work [within a specified category of exertional work], . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Allen*, 880 F.2d at 1202; citing

*Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A, March 1981) (emphasis in the original). [2]

With regard to non-exertional limitations, the Regulations state, in 20 C.F.R. § 414.969a(c), state that:

> (1) When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect only your ability to meet the demands of jobs other than the strength demands, we consider that you have only nonexertional limitations or restrictions. Some examples of nonexertional limitations or restrictions include the following:
> (i) You have difficulty functioning because you are nervous, anxious, or depressed;
> (ii) You have difficulty maintaining attention or concentrating;
> (iii) You have difficulty understanding or remembering detailed instructions;
> (iv) You have difficulty in seeing or hearing;
> (v) You have difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; or
> (vi) You have difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.
> (2) If your impairment(s) and related symptoms, such as pain, only affect your ability to perform the nonexertional aspects of work-related activities, the rules in appendix 2 do not direct factual conclusions of disabled or not disabled. The determination as to whether disability exists will be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situations in appendix 2.

Determining whether a disability exists requires the ALJ to sequentially consider the

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Claimant's physical and/or mental impairments or conditions; the functional limitations these impairments impose on the Claimant; and the employment restrictions these functional limitations inflicted on the Claimant's ability to perform the demands of jobs existing in the national economy. It is the duty of the ALJ, by reviewing and applying medical and other evidence, to find what the Claimant's specific impairments are and what functional limitations they affect. Once the ALJ has made such a determination, he may then call a vocational expert to offer his or her opinion testimony concerning jobs which may be preformed by an individual possessing those functional limitations as previously found to exist by the ALJ. An ALJ, however, is not required to submit limitational factors to a vocational expert where he doesn't find them to exist. *McSwain v. Bowen,* 814 F.2d 617 (11th Cir.1987)

A review of the ALJ's decision reflects that after reviewing the Claimant's medical conditions, testimony and his RFC, the ALJ determined that he was not disabled and would be able to return to his previous work and, further, would be able to engage in a wide range of light work. (T- 22, 23). The ALJ's findings reflect that he considered all of the evidence prior to making his determination that Claimant could work. Furthermore, as noted above, an ALJ is not required to call a vocational expert to testify where he finds no functional limitations to exist. Therefore, the undersigned finds that the ALJ did not improperly fail to include Claimant's mental limitations when determining his ability to function.

## CONCLUSION

Based on the evidence presented, no basis is found for the Claimant's contention that

the ALJ committed error, because the determinations made were completely within his judicial discretion. Furthermore, the record fails to reveal any evidence that the ALJ acted outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 21st day of July, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw